## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **MAN VU D/B/A BEST ROYAL LIQUOR** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| VS. ) | **CASE NO. 4:19-cv-1120** |
| ) | |
| **TEXAS FARMERS INSURANCE** ) | |
| **COMPANY, a corporation,** ) | |
| ) | |
| **DEFENDANT.** ) | |
| ) | |

## COMPLAINT

COMES NOW the Plaintiff, MAN VU, doing business as Best Royal Liquor, by and through his undersigned attorney and for the relief hereinafter requested, alleges as follows:

### JURISDICTION

1. This action arises under the *National Flood Insurance Act*, as amended, 82 Stat. 583, 42 U.S.C. Section 4001, *et seq.*, pursuant to the insurance contract issued to the Plaintiff, as hereinafter more fully appears. This action, having arisen under an applicable federal statute, namely, 42 U.S.C. Section 4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. Section 1331.

### VENUE

2. The property made the basis of this action is located at 11023 Telephone Rd., Houston, Texas 77075 (hereinafter referred to as the "insured property"). The insured property is situated in the Southern District of Texas, Houston Division, and venue is proper in this Court pursuant to 42 U.S.C. Section 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

## PARTIES

3. The Plaintiff, MAN VU, is an individual who operates a business at the insured location known as Best Royal Liquor. The Plaintiff was and still is the owner of the insured property and has been at all times material to the allegations set forth in the Complaint.

4. The Defendant, TEXAS FARMERS INSURANCE COMPANY (hereinafter referred to as Farmers) is a private insurance company qualified to do business in the state of Texas and participates in FEMA's "Write Your Own" (WYO) program. Farmers issued a General Property Form Flood Insurance Policy (hereinafter referred to as General Property Policy or Policy) in its own name, as a fiscal agent of the United States, to the Plaintiff. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Farmers is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the policy.

## FACTUAL ALLEGATIONS
## BREACH OF CONTRACT

5. On April 30, 2017, Farmers issued a General Property Policy to the Plaintiff, namely, Policy No. 87053507602017, for a one (1) year period, whereby Farmers agreed to pay the Plaintiff for any direct physical loss to the insured property caused by or from a "flood" as defined by the policy. In lieu of attaching the policy hereto, the Plaintiff incorporates by reference, as a part hereof, the terms and provisions of the SFIP, as set forth in 44 C.F.R. Section 61, Appendix A(2), which is the policy issued by Farmers to the Plaintiff during the above-referenced time period.

6. The Policy issued to the Plaintiff covered flood damage to the Plaintiff's building as described under Coverage A up to a limit of $350,000; debris removal and loss avoidance measures as described under Coverage C; and costs incurred to comply with state or local flood

plain management laws or ordinances as described under Coverage D ( also known as Increased Cost of Compliance or ICC) up to a limit of $30,000.   There was no contents coverage.

7. On or about August 26, 2017, the storm surge, tidal water and rain associated with Hurricane Harvey directly caused the inundation of the Plaintiff's land and the surrounding area. As a direct and proximate result of the flooding, the Plaintiff suffered a direct physical loss to his building and incurred expenses for debris removal and safe storage of his property.

8. The Plaintiff timely notified the Defendant of his loss and the claim was inspected and adjusted by or on behalf of the Defendant by an "independent" adjuster who prepared an estimate which served as the basis for the Defendant's payment to the Plaintiff. Pursuant to SFIP, Art.VII.J.7., the estimate and proof of loss is furnished as " a matter of courtesy only". As a result, payment was made to the Plaintiff pursuant to his Policy for loss or damage to his building.

9. Plaintiff disagreed with the Defendant's estimate and payment. On August 11, 2018, as required by SFIP, Art.VII.J.4., Plaintiff submitted a signed Proof of Loss with supporting documentation to Farmers for the amount he claimed under his Policy. Plaintiff objected to the estimate and payment made by Farmers on the following grounds: the estimate and payment did not include or detail the full scope of covered damages and necessary repairs; damaged items were omitted or missing; the adjuster used incorrect and/or inadequate pricing which did not accurately reflect the true cost of repairs unique to the Plaintiff's dwelling and his community; and, the adjuster used inappropriate and/or inadequate methods of repair.

10. The above described General Property Policy was in full force and effect at the time of the Plaintiff's loss and he has performed all conditions precedent entitling him to the

coverages, payments, and benefits afforded by said policy.

11.     The Defendant has failed or refused to pay the full amount due under the policy and has otherwise failed or refused to comply with the terms and provisions of the policy. As a result thereof, the Defendant has breached the contract of insurance herein described.

12.     As a direct and proximate consequence of the Defendant's breach of said contract, the Plaintiff has not been fully paid or compensated for damage to his building.

WHEREFORE, Plaintiff demands judgment against the Defendant for an amount up to and including the coverage limits under Coverage A; any and all other amounts payable under said policy; costs and case expenses incurred in filing this action; and, any and all other appropriate relief to which the Plaintiff may be entitled.

    Respectfully submitted,

    THE CARLSON LAW FIRM, P.C.
    100 E Central Texas Expressway
    Killeen, Texas 76541
    Telephone: (254) 526-5688
    Facsimile: (254) 526-8204
    ccarlson@carlsonattorneys.com

BY:     */s/ Craig W. Carlson*
    Craig W. Carlson
    Attorney-in-Charge
    Texas State Bar No. 00792039
    ATTORNEY FOR PLAINTIFF